1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
10

IN RE THE ESTATE OF LARRY LEE
COVELLO,

        Plaintiff,

11

  v.

12

NORDSTROM, INC., a corporation,

13

        Defendant.

14

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-cv-1025

**NOTICE OF REMOVAL**

15    Defendant Nordstrom, Inc. ("Nordstrom" or "Defendant"), by its attorneys Lane Powell

16 PC, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submits the following Notice of Removal

17 with respect to the above-captioned case, which is currently pending in King County Superior

18 Court, Case No. 09-4-05735-1-SEA.  In support of this Notice of Removal, Nordstrom states the

19 following:

20              **I. <u>BACKGROUND</u>**

21    1.  Plaintiff served Defendant with an unfiled Petition for TEDRA Relief in

22 Washington state court on June 12, 2018 ("Petition"). The Petition is incorrectly captioned with

23 Case No. 09-405735-1-SEA but, to Defendant's knowledge, has not yet been filed with the state

24 court.[1]  On July 3, 2018, Defendant served Plaintiff with a demand to file the Petition with the

---

[1] This Court has previously recognized that under WA law, a lawsuit commences either by service of summons and complaint or by filing a complaint.  *Dustin v. Meridian Fin. Servs., Inc.*, Case No. C17-1087 JCC, 2017 WL 3773714, *3 (W.D. Wash. Aug. 31, 2017). Since Plaintiff served Defendant with the summons and complaint on June 12, 2018, Defendant's removal is timely.

NOTICE OF REMOVAL - 1
No. 2:18-cv-1025

081000.1985/7349922.1

1  court within 14 days pursuant to Washington CR 3(a).  A true and correct copy of Plaintiff's

2  Petition is attached hereto.

3      2.    Plaintiff's Petition challenges the distribution of 401(k) retirement benefits to the

4  beneficiary pursuant to the terms of the Nordstrom, Inc. 401(k) Plan & Profit Sharing account

5  (the "Plan").

6      3.    In the Petition, Plaintiff purports to bring a cause of action under the Washington

7  Trust and Estate Dispute Resolution Act ("TEDRA") RCW 11.96A.020.  The gravamen of

8  Plaintiff's claim is that Nordstrom mishandled decedent Larry Covello's Plan account by

9  distributing 401(k) benefits to the named beneficiary under the terms of the Plan rather than to

10  Plaintiff.

11      4.    Plaintiff seeks compensatory damages, and such other equitable relief as the court

12  deems proper.

13  ## II.  STATUTORY REQUIREMENTS

14      5.    Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction

15  of all civil actions arising under the Constitution, laws, or treaties of the United States."

16      6.    Plaintiff's Petition does not specifically state that the Estate's claim is brought

17  under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

18  Nonetheless, in stating that the Estate seeks 401(k) benefits from an employee pension benefit

19  plan (as defined in 29 U.S.C. §1002(2)) obtained through the decedent's employment with a

20  private corporation, Plaintiff brings a claim pursuant to ERISA despite the failure to so plead.

21      7.    ERISA provides an exclusive federal cause of action for participants or

22  beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under

23  employee pension benefit plans, including the claim for wrongful payment of benefits as alleged

24  in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987).  Defendant

25  therefore requests removal.

26      8.    As ERISA provides the exclusive remedy for a claim of benefits, including 401(k)

27  benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful

NOTICE OF REMOVAL - 2
No. 2:18-cv-1025

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

distribution of benefits promised under an employee benefit plan. *See, e.g.*, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 221 (2004) (ERISA "completely preempt[s]" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

9.      Plaintiff seeks a monetary award consisting, in part, of benefits under the 401(k) Plan. Accordingly, Plaintiff's claims fall within the civil enforcement provisions set forth in ERISA § 502(a), 29 U.S.C. § 1132(a).[2] *See also* 29 U.S.C. § 1132(e)(1) (addressing ERISA jurisdiction). Plaintiff's claims arise under federal law and this Court has original jurisdiction over federal questions this action presents, pursuant to the provisions of 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

10.      A defendant may remove a case on grounds that a plaintiff has asserted a claim for benefits that is completely preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(c). *Metropolitan Life Ins. Co., 481 U.S. at* 63-67. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint does not on its face allege that it arises under ERISA. *See, e.g.*, *id.* at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court."); *see also id.* at 65 ("All such actions in Federal or State courts are to be regarded as arising under the laws of the United States.") (citation and quotation marks omitted).

11.      Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

---

[2] ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides:
      A civil action may be brought
      (1)      by a participant or beneficiary….
            (B)      to recover benefits due to him under the terms of the plan, to enforce his rights under the
                  terms of the plan, or to clarify his rights to future benefits under the terms of the plan;…

NOTICE OF REMOVAL - 3
No. 2:18-cv-1025

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

081000.1985/7349922.1

### III. **PROCEDURAL REQUIREMENTS**

12.    <u>Removal to this Court Is Proper</u>.  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Nordstrom files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the state court action – in King County, Washington.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b).

13.    <u>Removal Is Timely</u>.  The Petition was first served on Defendant on June 12, 2018. Receipt of the Petition on this date constitutes the first notice of the state court action or of federal jurisdiction over the state court action for Defendant.  *Id.*  Defendant has filed this Notice within 30 days after receipt of the Petition, and as such, removal is timely.  *See* 28 U.S.C. § 1446(b).

14.    <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

15.    <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

16.    <u>Pleadings and Process</u>.  A true and correct copy of a current docket sheet is attached hereto as Exhibit A.  *See* 28 U.S.C. § 1446(a).  Defendant has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

17.    <u>Notice</u>.  Defendant will promptly serve Plaintiff and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court.  *See* 28 U.S.C. §§ 1446(a), (d).  Defendant will also promptly file with the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

/ / /

/ / /

NOTICE OF REMOVAL - 4
No. 2:18-cv-1025

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

081000.1985/7349922.1

1

DATED:  July 12, 2018

2

LANE POWELL PC

3

By  s/Krista N. Hardwick

4

By  s/Priya B. Vivian

5
      Krista N. Hardwick, WSBA No. 44959
      Priya B. Vivian, WSBA No. 51802
      1420 Fifth Avenue, Suite 4200

6
      P.O. Box 91302
      Seattle, WA 98111

7
      T: 206.223.7000 / F: 206.223.7107
      E: hardwickk@lanepowell.com
         vivianp@lanepowell.com

8
Attorneys for Defendant Nordstrom, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 5
No. 2:18-cv-1025

081000.1985/7349922.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

[none]

and I hereby certify that I have mailed by United States Postal Service and served via legal messenger the document to the following non-CM/ECF participants:

Herbert Heintz
10430 47th Avenue SW
Seattle, WA 98146

Executed on the 12th day of July, 2018, at Seattle, Washington.

*s/Krista N. Hardwick*
Signature of Attorney
WSBA No. 44959
Typed Name: Krista N. Hardwick
Address: 1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Fax: 206.223.7107
E-mail: hardwickk@lanepowell.com
Attorney(s) For: Defendant Nordstrom, Inc.

NOTICE OF REMOVAL - 6
No. 2:18-cv-1025

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

081000.1985/7349922.1