UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF LARRY LEE COVELLO, <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC, <br><br> Defendant. | CASE NO. C18-1025-MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant Nordstrom, Inc.'s Motion to Dismiss. (Dkt. Nos. 6, 16.) Having reviewed the Motion, the Response (Dkt. Nos. 29, 30), the Reply (Dkt. No. 31) and the related record, the Court GRANTS the Motion to Dismiss.

**Background**

Plaintiff, proceeding on behalf of the Estate of Larry Lee Covello (the "Estate"), filed this suit against Defendant Nordstrom, Inc. ("Nordstrom") contesting the distribution of funds from a retirement account owned by Larry Lee Covello, a former employee of Nordstrom and a

participant in the company's 401(k) Plan & Profit Sharing Account (the "Nordstrom Plan").[1] (Dkt. No. 1, Complaint at ¶ 3.) At the time of his death in August 2009, Mr. Covello's last will and testament named Herbert C. Heintz and Barbara A. Heintz as the executors of his estate. (Id. at ¶ 4.) His 401(k) account named Claudia Williams as the beneficiary. (Id. at ¶ 8.) In accordance with this designation, Nordstrom distributed the $18,000 in funds in the account to Ms. Williams in 2018. (Id. at ¶ 9.)

Plaintiff initially filed a petition in King County Superior Court, attempting to proceed under Washington's Trust and Estate Dispute Resolution Act (TEDRA), RCW 11.96A et seq. (Id.) In July 2018, Nordstrom removed the action to federal court on the grounds that the claim is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. (See Dkt. No. 1.) Nordstrom now moves to dismiss.

---

[1] Plaintiff initially attempted to proceed pro se in this action on behalf of the Estate of Larry Lee Covello. After issuing an order to show cause and receiving no response, the Court dismissed this case without prejudice in August 2018. (Dkt. Nos. 13, 18.) Thereafter, Plaintiff retained counsel and moved for reconsideration, and the Court vacated its order of dismissal. (Dkt. No. 23, 27.) While Plaintiff is *apparently* no longer proceeding pro se, the Court notes that many of the pleadings filed in this action do not appear to have been the work of counsel. For example, the response to the Motion to Dismiss was initially filed on September 13, 2018, unsigned, but with a signature block bearing the name of "Herbert Heintz, Executor of the Estate of Larry Lee Covello pro se." (Dkt. No. 29 at 7.) After the Court struck the response, a substantively amended response was filed on September 18, 2018, a day after the filing deadline, purportedly by counsel. (Dkt. No. 30.) Counsel did not request to extend the filing deadline and did not seek leave to amend the response. On October 4, 2018, an identical response was filed, now bearing the caption "Witness List." (Dkt. No. 34.) On October 23, 2018, Plaintiff filed its Requests for Admissions, bearing the caption "Discovery Plan." (Dkt. No. 35.) To the extent that these pleadings have in fact been entered by counsel, the Court once again advises counsel to review and comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Electronic Filing Procedures. (See Dkt. No. 25.) To the extent that these pleadings have been filed by Mr. Heintz, the Court notes that they are entirely improper.

**Discussion**

**I.  Legal Standard**

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory."  Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016).  In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant.  Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (1955)).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, nor will "naked assertions" devoid of "further factual enhancement."  Id.

**II.  Plaintiff's Claim is Preempted By ERISA**

Nordstrom contends that Plaintiff's claims are preempted by ERISA.  Plaintiff responds that ERISA does not preempt state laws governing wills.

It is not disputed that the Nordstrom Plan is governed by ERISA.  The purpose of ERISA is to protect plan participants and beneficiaries.  See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983) ("ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.").  Consistent with this purpose, ERISA explicitly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a); see also Carmona v. Carmona, 603 F.3d 1041,

1061 (9th Cir. 2010) ("[A] state law cannot invalidate an ERISA plan beneficiary designation by mandating distribution to another person.") (citation omitted).

Plaintiff cites no cases which support its claim that Washington's laws governing wills are somehow exempt from these "deliberately expansive" preemption provisions. Pilot Life Ins. Co. v. Dedaux, 481 U.S. 41, 46 (1987). To the contrary, other circuits have repeatedly found that ERISA preempts application of state probate law to determine the proper beneficiary under a plan. See, e.g., Krishna v. Colgate Palmolive Co., 7 F.3d 11, 16 (2nd Cir. 1993) ("There is a strong interest in uniform, uncomplicated administration of ERISA plans, many of which function in a number of states. . . . It would be counterproductive to compel the Policy administrator to look beyond those designations into varying state laws regarding wills, trusts and estates, or domestic relations to determine the proper beneficiaries of Policy distributions."); MacLean v. Ford Motor Co., 831 F.2d 723, 727-28 (7th Cir. 1987) ("[T]he state testamentary law has 'a connection with or reference to [the Plan],' because, if applied, the state law would determine the distribution of assets under the Plan. . . . Applying state testamentary transfer law to determine the beneficiary under the terms of the decedent's will would not only relate to the Plan, but would interfere with the administration of the Plan and violate its terms. When, as here, the terms of an employee pension plan under ERISA provide a valid method for determining the beneficiary, that mechanism cannot be displaced by the provisions of a will.") (citation omitted).

The Court finds that Plaintiff's claims, which seek to recover benefits distributed under the Nordstrom Plan, are clearly preempted by ERISA.

## III. Plaintiff Failed to Exhaust Administrative Remedies

Before bringing a claim for wrongful denial of benefits under ERISA, a claimant must first exhaust administrative remedies. See Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995) ("[A] claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."). This requirement "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise." Id.

It is not disputed that Plaintiff failed to exhaust administrative remedies associated with the Nordstrom Plan. While Plaintiff claims that Mr. Heintz "called the Nordstrom Benefit Center and discussed making a claim with an employee of Nordstrom's," it does not claim that Mr. Heintz pursued an appeal. (See Dkt. No. 30 at 2.) Nor does it claim that the Nordstrom Plan failed "to establish or follow 'reasonable' claims procedures as required by ERISA," or that resort to these procedures would have been "futile or the remedy inadequate." Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 627 (9th Cir. 2008). Instead, Plaintiff claims—for the first time in its response to the Motion to Dismiss—that the Nordstrom Plan "did not mention any administrative remedies." (Id. at 7.) This claim was not plead in its Complaint, and is irrelevant for purposes of Rule 12(b)(6). See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

The Court finds that Plaintiff's failure to exhaust administrative remedies precludes it from seeking relief from this Court.

## IV. ERISA Requires Distribution to the Named Beneficiary

Even if Plaintiff had properly exhausted administrative remedies, it fails to show that Defendant's distribution of funds to Ms. Williams was improper. The distribution of benefits under the Nordstrom Plan could only be made according to ERISA, which requires plan administrators to administer the plan "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D); see also Estate of Lundy v. Lundy, 187 Wn. App. 948, 954 (2015) ("[F]ederal law mandates the distribution of ERISA benefits to the designated beneficiary, regardless of state law providing otherwise."); Premera Blue Cross v. Winz, Case No. 17-695BAT, 2018 WL 2010573, at *5 (W.D. Wash. Apr. 30, 2018) ("[E]ven when the distribution of an ERISA-governed asset may arguably be unfair or may result in unjust enrichment to the designated beneficiary, the directives of the Plan documents must be followed."). Here, Defendant did just that when it distributed the funds to Ms. Williams.

Plaintiff's remaining claims—(1) that Nordstrom's distribution of funds to Ms. Williams "should be outlawed" based upon a state statute of limitations applicable to written contracts and (2) that Nordstrom violated its fiduciary duty to the Plan beneficiary and should have instead paid the funds "into the registry of the court, to be held in custodial legis"—are also unavailing, and the Court finds no support for either contention. (Dkt. No. 30 at 3-4, 7-8.)

## Conclusion

Because Plaintiff's claim is preempted by ERISA, because Plaintiff failed to exhaust administrative remedies prior to bringing suit, and because Plaintiff failed to identify any violation of ERISA, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The Court therefore GRANTS Defendant's Motion to Dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 30, 2018.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge