UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF LARRY LEE COVELLO, <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC., <br><br> Defendant. | CASE NO. C18-1025MJP <br><br> ORDER DENYING MOTION TO EXTEND DEADLINE FOR APPEAL |

THIS MATTER comes before the Court on Plaintiff's Motion to Extend Time for Appeal. (Dkt. No. 41.) Having reviewed the Motion, the Response (Dkt. No. 43), and the related record, the Court DENIES the Motion.

The Court entered an order dismissing this case and entered judgment in Nordstrom, Inc.'s favor on October 30, 2018. (Dkt. Nos. 36, 37.) Thus, any notice of appeal was due thirty days after the entry of judgment, or no later than November 29, 2018. Fed. R. App. P. 4(a)(1). Plaintiff did not file his notice of appeal until December 11, 2018. (Dkt. No. 38.) On January 10, 2019, Plaintiff filed a motion to extend the deadline for his notice of appeal. (Dkt. No. 41.)

That motion is now before the Court.

Fed. R. App. P. 4(a)(5)(A) provides that the district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

As an initial matter, the thirty-day time limit in Rule 4(a)(5)(A)(i) is jurisdictional, as it also appears in 28 U.S.C. § 2107(c) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal . . ."); see also Hamer v. Neighborhood Hous. Servs. of Chicago, 138 S.Ct 13, 18 (2017) ("If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional . . ."). Because Plaintiff waited more than thirty days after November 29, 2018 to move to extend the deadline, the Court lacks jurisdiction to consider his motion or to grant an extension.

Even if this were not the case, Plaintiff has shown neither excusable neglect nor good cause. Plaintiff claims that he and his attorney were "confused" in their belief that the notice of appeal and filing fee could be submitted via mail. (Dkt. No. 41 at 1.) Plaintiff claims that the notice of appeal was received by the Clerk of Court on December 3, 2018,[1] and that he was

---

[1] Plaintiff also appears to claim that the deadline for filing his notice of appeal was extended by two days because there were two court holidays in November 2018 (Veterans Day and Thanksgiving). This is incorrect. See Fed. R. Civ. P. 6(a)(1)(B) ("When the period is stated in days . . . count every day, including intermediate Saturdays, Sundays, and legal holidays . . ."); see also LCR 6(a) ("When the Local Rules or a court order permits a party to act within a period of time stated in days . . . *and* the last day of the period is a Saturday, Sunday, or legal holiday, the time period continues to run until the following day that is not a Saturday, Sunday, legal holiday.") (emphasis added). Plaintiff does not claim that Thursday, November 29, 2018 was a Saturday, Sunday, or legal holiday, and does not otherwise offer any support for his position.

thereafter advised to file the notice electronically on CM/ECF or PACER. (Id. at 2.) However, Plaintiff (1) does not provide any proof of mailing or other evidence to support his claim, (2) does not provide any explanation as to why—even after he was informed by the Clerk of Court of the need to submit the notice of appeal electronically—it took him more than a week to do so, and (3) does not explain why he was "confused" as to the need to submit filings electronically. Throughout this case, Plaintiff and his attorney have been repeatedly advised of the need to comply with electronic filing procedures and submit documents through CM/EFC. (See, e.g., Dkt. No. 23 ("Mr. Stevenson is reminded that filing documents electronically through CM/ECF is required per ECF Filing Procedures"); Dkt. No. 25 ("With respect to all filings going forward, Mr. Stevenson is advised of the need to comply with Federal Rule of Civil Procedure 11 and the Court's ECF Procedures.").) Their failure to do so yet again is hardly excusable.

Therefore, the Court DENIES his motion for an extension of the time to file a notice of appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 17, 2019.

Marsha J. Pechman
United States District Judge